FILED
2017 Sep-05 PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS JAMES COPENY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:16-cv-00865-KOB-SGC |
| DON KYLE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

The magistrate judge entered a report on April 11, 2017, recommending all claims in this action, except the Fourth Amendment excessive force claims against defendants Prosser, Rutherford, and Letson in their individual capacities, be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 9). The magistrate judge further recommended the remaining excessive force claims be referred back to the magistrate judge for further proceedings. (*Id.* at 13).

The plaintiff filed objections to the report and recommendation. (Doc. 10). In his objections, the plaintiff sets forth additional facts in support of his claim for deliberate indifference to serious medical needs. (*Id*). Because these facts were not pled in the complaint, the objections will be considered as an amendment to the complaint.

The plaintiff contends Sgt. Letson "influenced" the Emergency Room staff of the Decatur General Hospital "to omit x-rays and other measures that could have detected" his fractured hand by "insinuating" the process "would be too time consuming for him and his officers." (Doc. 10). The plaintiff contends the medical staff "catered to Sgt. Letson's agenda" because, absent Sgt. Letson's interference, medical staff would have provided proper treatment and discovered the fracture. (*Id.*).

To the extent the plaintiff is attempting to state a Fourteenth Amendment claim against any defendant except Sgt. Letson, the claim is due to be dismissed as conclusory and speculative. In short, no specific facts infer the exchange between Sgt. Letson and medical personnel was characteristic of some municipal policy. Neither does the plaintiff allege defendants Prosser and/or Rutherford were present in the Emergency Room, much less that these defendants not only pressured medical personnel but did so pursuant to some municipal policy.

As for Sgt. Letson's actions, "deliberate indifference to [the] serious medical needs of [an arrestee or detainee] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks omitted); *Brown v. Johnson*, 387 F.3d 1344, 1351(11th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) ("An arrestee or detainee states a valid § 1983 claim when officers 'intentionally deny[] or

delay[] access to medical care . . . or intentionally interfer[e] with treatment once proscribed.'")).

The Eleventh Circuit has explained:

> Deliberate indifference to a detainee's serious medical needs requires 1) an objectively serious medical need and 2) a defendant who acted with deliberate indifference to that need. A "serious medical need" is "one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment."

*Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010) (internal citations omitted). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Brown*, 387 F.3d at 1351 (alterations incorporated) (quoting *Farrow*, 320 F.3d at 1243).

"A plaintiff claiming deliberate indifference to a serious medical need must prove: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Mellon v. Alston,* 841 F.3d 1207, 1223 (11th Cir. 2016) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

> Subjective knowledge of the risk requires that the defendant be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099–1100 (11th Cir. 2014). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew]." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir.

2008) (citations omitted).

*Dang by & through Dang v. Sheriff, Seminole Cty. Florida*, 856 F.3d 842, 850 (11th Cir. 2017). "[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)).

The plaintiff does not reveal why the defendants decided to take him to the Emergency Room. Neither does the plaintiff describe the condition of his hand upon arrest; he does not describe any disfigurement, swelling, or bruising. Accordingly, the plaintiff's allegations lack specificity as to the obviousness of the injury such that a layperson—specifically, Sgt. Letson—would know that his hand was fractured or otherwise seriously injured. This failure means the plaintiff cannot show Sgt. Letson intentionally–as opposed to inadvertently or negligently–interfered with or denied access to medical attention.

Sgt. Letson's alleged "insinuation" to medical personnel does not change this conclusion because the plaintiff does not reveal what Letson actually said or did or otherwise explain why it was suggestive. Neither does the plaintiff reveal how medical personnel responded to Sgt. Letson's "insinuation." Accordingly, the plaintiff has not presented specific facts giving rise to an inference that Stg. Letson prevented medical personnel from conducting diagnostic tests. Likewise, the plaintiff

has not presented facts giving rise to an inference that medical personnel decided against conducting diagnostic tests because of anything Letson said or did. Accordingly, the plaintiff has not pled sufficient facts to plausibly state a claim against Sgt. Letson for deliberate indifference to his serious medical needs..

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the objections, and the amendment to the plaintiff's complaint, the court ADOPTS the magistrate judge's report ACCEPTS the recommendation AS MODIFIED here. Accordingly, the court ORDERS that all claims against all defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b), EXCEPT the Fourth Amendment excessive force claims against defendants Prosser, Rutherford, and Letson in their individual capacities.

The court further ORDERS that the surviving claims are REFERRED to the magistrate judge for further proceedings.

DONE and ORDERED this 5th day of September, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE